**In the Matter of CARIBBEAN TUBULAR CORPORATION, Debtor.**

**Civ. No. 84–2415(HL).**
**Bankruptcy No. 82–00971(B).**

United States District Court,
D. Puerto Rico.

Nov. 18, 1984.

---

Maximiliano Trujillo, Hato Rey, P.R., for Caribbean Tubular Corp.

Héctor Martínez Jiménez, McConnell, Valdes, Kelly, Sifre, Griggs & Ruiz Suria, San Juan, P.R., for Manufacturers Hanover Leasing Corp.

Paul B. Smith, Jr., Guaynabo, P.R., for Maison Mathieu.

## OPINION AND ORDER

LAFFITTE, District Judge.

This case is present before us upon a motion by Manufacturers Hanover Leasing Corporation (MHLC) for leave to appeal from the interlocutory order denying the objections to confirmation of the Bankruptcy Court entered on June 27, 1984.

1. It must be noted by this Court that the hearing on confirmation was scheduled for April 17, 1984, but had to be continued because the ade-

### PROCEDURAL BACKGROUND.

On April 11, 1984, debtor Caribbean Tubular Corporation filed a plan of reorganization under Chapter 11. The hearing on the confirmation of said plan was held on May 16, 1984. In said hearing, the Bankruptcy Court confirmed the plan after debtor's verbal amendment to it. Although no objection by MHLC to the confirmation was received prior to, or at the hearing, the Bankruptcy Court granted MHLC ten days to file its objections,[1] or up and until May 24, 1984.

However, MHLC did not file its objections until May 29, 1984. Also, MHLC filed the ballot rejecting the plan on that same date.

As a general rule, only final orders will be reviewed on appeal. Final decisions have been described as those that dispose of all issues as to all parties in a suit, and where the only matter pending is execution of judgment. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). That is, when the rights of the parties have been fully and finally determined on the merits, a final decision has been made.

It is clear that the decision of the Bankruptcy Court before us is not final because it only deals with the untimely objection to a plan of reorganization.

Pursuant to 28 U.S.C. § 1334(b), interlocutory orders in bankruptcy proceedings may be appealed by seeking leave of Court through an application filed within ten (10) days of the date of entry of order.

MHLC in this case did follow the adequate procedural steps set forth in Interim Bankruptcy Rule 8004(a), since it submitted within the proper term an application for leave to appeal and filed it with the Clerk of the Bankruptcy Court. The applicable bankruptcy provisions do not provide the guidelines to be utilized by the district courts in deciding when a motion for leave to appeal an interlocutory ruling

quate notice had not been provided to all creditors.

of the Bankruptcy Court is to be granted. However, in these circumstances other courts have applied the standard embodied in 28 U.S.C. § 1292(b), dealing with interlocutory appeals from District courts to Circuit courts. *In re Codesco, Inc.*, 30 B.R. 472 (S.D.N.Y.1983). Therefore, this Court shall exercise its discretion to allow an appeal of an interlocutory order of the Bankruptcy Court to proceed only when refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation. *Bank of America, N.T. & S.A. v. World of English*, 23 B.R. 1015 (N.D.GA.1982); *In re Codesco, supra.*

■ MHLC has failed to demonstrate the existence of a controlling question of law as to which there is substantial ground for difference of opinion. It is also clear that entertaining this appeal would not materially advance the ultimate termination of the litigation. All the creditors except MHLC voted for the confirmation of the plan. It must be noted also that no objection to confirmation was made by MHLC before the hearing, nor during the hearing on confirmation. Furthermore, MHLC's objection was filed untimely with the Bankruptcy Court.

WHEREFORE, MHLC's application for leave to appeal Judge W.H. Beckerleg's order is hereby DENIED.

IT IS SO ORDERED.