In re **AMERICAN RESERVE CORPORATION,** Debtor, Bankruptcy No. 80 B 4786.

**Clear and Doris Elaine HUDDLESTON, Claimants-Appellees,**

v.

**J. William HOLLAND, Trustee for American Reserve Corporation, Appellant.**

**No. 86C219.**

United States District Court, N.D. Illinois, E.D.

Feb. 20, 1987.

---

William Luking, Timothy Trinka, Ross & Hardies, Leonard Groupe, Groupe & Katz, William J. Harte, Chicago, Ill., for Trustee J. William Holland.

Jonah Orlofsky, Plotkin & Jacobs, Ltd., Chicago, Ill., for claimant/appellee Clear and Doris Huddleston.

## MEMORANDUM OPINION

KOCORAS, District Judge:

Claimants-appellees Clear and Doris Elaine Huddleston have moved this court to certify its January 23, 1987, memorandum opinion and order, 71 B.R. 32 (N.D. Ill.), for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In that opinion, this court, holding that a class proof of claim filed by a creditor purporting to represent a class of similarly situated creditors was not permitted by the Bankruptcy Code or Rules, reversed the decision of the bankruptcy court. For the reasons which follow, the court grants the motion for certification.

Under 28 U.S.C. § 1292(b), an order not otherwise appealable may be made provisionally appealable if the district court finds the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an intermediate appeal may materially advance the ultimate termination of the litigation.

The issue presented by this bankruptcy appeal is clearly a controlling question of law. The issue is a purely legal question, and its resolution will affect not only the progress of shareholders' claims against American Reserve Corporation (ARC) and other entities, but also the course of ARC's bankruptcy proceedings.

Although this court noted in its earlier opinion that its holding was consistent with that reached by virtually every other court which addressed the validity of class proofs of claim under either the Bankruptcy Code of 1978 or the Bankruptcy Act of 1898, the court nevertheless finds that there is substantial ground for difference of opinion over this issue. This finding is supported by the bankruptcy court's thorough decision concluding that class proofs of claim are valid. In addition, only a handful of cases have addressed this issue under the Code; none of those cases is from a court in this circuit, and only one other decision is from a court above the bankruptcy court level.

Finally, there can be little doubt that an immediate appeal would materially advance the ultimate termination of the litigation. Although the validity of class proofs of claim may have little impact on the resolution of the shareholders' claims against ARC, since, as the court indicated in its earlier opinion, the class action device could be used to resolve the merits of those claims even without class proofs of claim, the validity of the class proof of claim will have a significant impact on ARC's bankruptcy proceedings. Those proceedings cannot be concluded until the Bankruptcy Court can determine with certainty whether the Huddlestons' proof of claim represents only their individual claims or the claims of all the shareholders they purport to represent.

Accordingly, the court finds that its January 23, 1987, memorandum opinion involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal of that decision will materially advance the termination of the litigation.