**In the Matter of DELAWARE & HUDSON RAILWAY COMPANY, Debtor.**

**Bankruptcy No. 88–342.**

United States Bankruptcy Court, D. Delaware.

Aug. 11, 1988.

Eduard F. von Wettberg, III, Wilmington, Del., for Trustee.

Robert H. Richards, III, Wilmington, Del., for debtor.

Lynda S. Doud, Albany, N.Y., for McClung, Peters & Simon.

Janet K. DeCosta, Washington, D.C., for RLEA.

Leona D. Jochnowitz, State of N.Y., Dept. of Transp., Albany, N.Y.

### DECISION ON MOTION FOR CHANGE OF VENUE

HELEN S. BALICK, Bankruptcy Judge.

The Delaware and Hudson Railway Company filed a Chapter 11 railroad reorganization case in the District of Delaware on June 20, 1988. On June 24, the New York State Department of Transportation moved to transfer the case to the Northern District of New York in Albany. The Railway Labor Executives Association, Northeastern Industrial Park, Inc. and the Albany law firm of McClung, Peters and Simon supports New York State Department of Transportation's motion. The debtor, the Trustee, Guilford Transportation Industries, Mellon Bank and the Department of Justice join in opposition to the transfer motion.

Since D & H is a Delaware corporation, venue in this District under 28 United States Code § 1408 is proper. Venue is also proper in the Northern District of New York in that D & H's corporate offices and a large portion of its assets are located within the geographical area encompassed by the Northern District of New York.

When venue is proper, the debtor's choice of forum is entitled to "great weight". On the other hand, a transfer

motion under 28 U.S.C. § 1412 requires balancing this factor with several others. Those factors being the proximity of the court to interested parties as well as the location of debtor's assets, the economics of administering the estate and the relative economic harm to debtor and other interested parties.

■ Beginning with the first stated factor, we must identify the interested parties and the location of debtor's assets. The debtor owns and operates seven freight yards and three major equipment repair facilities in the Northern District of New York, a locomotive repair facility in Binghamton, a car repair shop in Oneonta, and a locomotive repair facility in Watervliet.

Approximately 80 percent of main lines and branch lines owned and operated by the D & H according to a 1986 report filed with the ICC and New York State Department of Transportation are in the Northern District. The debtor also has property in six different states and the District of Columbia which includes trackage rights over 934 miles of track, approximately two-thirds of which are located outside of New York. It operates and has some ownership interests in intermodal facilities in New Jersey and Pennsylvania, a railroad yard in Alexandria, Virginia and sales offices in major cities across the country.

The major and majority of creditors, in terms of money and corporate structure, are widely scattered throughout the northeast portion of the United States. The smaller creditors, local regulatory agency, former employees and corporate officers are located within the Northern District of New York. The U.S. Department of Transportation, the ICC, the primary regulatory agency, and the Trustee, who operationally has replaced the debtor, are located in Washington, D.C., as is the Railway Labor Executives Association, which is a labor association comprised of the chief executive officers of 19 labor organizations which represent virtually all organized rail employees in the United States.

Delaware is in the middle of the northeast rail corridor and within 20 to 30 minutes of an international airport. Transportation service in and out of Albany is limited. There is no question that a Delaware court would be more accessible and more economical to the purposes of reorganizing the D & H. If the nature of a hearing permitted, it could be scheduled and concluded within the same day avoiding the necessity of lodging expenses. The transportation schedules in and out of Albany would make one day hearings virtually impossible. The court is not unaware of the fact that the smaller creditors and, especially, the former employees and retirees, (the workers), individually cannot afford to travel back and forth between Albany and Wilmington. It is also aware of the fact that problems could arise with respect to the availability and cost of compulsory process should disputes arise concerning employee claims against the D & H which cannot be amicably resolved. It has also considered that knowledge of New York law relative to real property interests is important, but it cannot overlook that there are other states besides New York whose law may have to be applied, in which event, neither the New York court nor the Delaware court has an inside track.

The long and short of it is that Albany, New York is more convenient for the New York State Department of Transportation, the local regulatory agency, individual former employees and small creditors in the Albany area from the standpoint of attending hearings. For the debtor, major creditors, ICC, the Department of Justice and the Department of Transportation, and Guilford, Delaware is the most convenient from the standpoint of accessibility.

The scales begin to tip in favor of Delaware at this point because the major participant on behalf of former employees, and if D & H goes back into operation, its present employees, will be not the individuals, but the unions to which those individuals belong, if not the RLEA. Thus, the workers will not be without representation, nor will such representation represent a direct cost to the individual. Moreover, the Trustee despite the need for his presence in Albany from time to time, asserts that Delaware is

more convenient and economical. This does not reflect a self-serving desire engendered by fear of being replaced. His appointment, while made by the U.S. Trustee for the District of Delaware, was from a list of five disinterested qualified persons supplied by the Secretary of Transportation. It isn't likely that list would change for a railroad reorganization case within the northeast region of the United States. Therefore, from his previous reorganization experience, he is able to anticipate what problems may be encountered in this case and the most likely participants and/or litigants in that reorganization. The Trustee's efforts and activities necessary to formulate a plan will be centered in Washington, D.C. The Delaware court is nearer to and more accessible to the Trustee. Thus, he will be better able to accomplish the purpose of this case, the reorganization of the Delaware and Hudson Railway Company.

The movants have not shown by a fair preponderance of the evidence that transfer would be in the best interest of justice or convenience of the parties. Consequently, the motion to transfer venue is denied.