**In re DELAWARE AND HUDSON RAILWAY COMPANY, a Delaware corporation, Debtor.**

Civ. A. No. 88–511 MMS.

United States District Court,
D. Delaware.

Jan. 24, 1989.

Richard G. Elliott, Jr., of Richards, Layton & Finger, Wilmington, Del., for debtor.

Francis J. Murphy, of Ashby, McKelvie & Geddes, Wilmington, Del., Carmine J. Clemente, Deputy Com'r and Special Counsel, and Leona D. Jochnowitz, New York State Dept. of Transp., for New York State Dept. of Transp.

Eduard F. von Wettberg, III, Mary M. Johnston, and Joanne B. Wills, of Morris, James, Hitchens & Williams, Wilmington, Del.; of counsel: Stanley J. Samorajczyk, and Nora M. Everett, of Hazel, Thomas, Fiske, Beckhorn & Hanes, P.C., Fairfax, Va., for Francis P. Dicello, Trustee.

Jeffrey S. Goddess, of Saul, Ewing, Remick & Saul, Wilmington, Del., of counsel: John H. Broadley, David A. Handzo, and Thomas N. Griffin, of Jenner & Block, Washington, D.C., for Guilford Transp. Industries, Inc.

Janet K. DeCosta, of Highsaw & Mahoney, P.C., Washington, D.C., for RLEA.

James E. Patrick, of O'Connell & Aronowitz, P.C., Albany, N.Y., for Northeastern Industrial Park.

William H. Sudell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for Mellon Bank.

Lynda S. Doud, of McClung, Peters and Simon, Albany, N.Y., for employees w/FELA claims.

G. Joseph King, U.S. Dept. of Transp., Washington, D.C.

Arthur L. Rosen, Troy, New York.

MURRAY M. SCHWARTZ, Chief Judge.

The New York State Department of Transportation ("NYSDOT") has appealed to this Court the order of the United States Bankruptcy Court for the District of Delaware refusing to transfer venue of the railroad reorganization case of the Delaware and Hudson Railway Company (the "D & H").[1] The trustee of the railroad, Francis P. Dicello ("Dicello") has moved to dismiss NYSDOT's appeal on two grounds: (1) the Bankruptcy Court's order denying transfer of venue is a nonappealable, interlocutory order; and (2) section 1164 of the Bankruptcy Code specifically prohibits appeal by a state commission having regulatory jurisdiction over the D & H.[2] For the reasons stated below, this Court will grant Dicello's motion to dismiss NYSDOT's appeal.

PROCEDURAL HISTORY

On June 20, 1988, the D & H filed a petition for Railroad Reorganization under Subchapter IV of Chapter 11 of the Bankruptcy Code in the United States District Court for the District of Delaware. On June 24, 1988, NYSDOT, a New York State commission having regulatory jurisdiction over the D & H, filed an "Order to Show Cause for Change of Venue to the Northern District of New York" pursuant to 28 U.S.C. § 1408, 28 U.S.C. § 1412 and Bankr. R. § 1014(a)(1)[3] which the Court treated as

---

1. On the motion below, NYSDOT's motion to transfer venue was joined by The Railway Labor Executives' Association, Peters & Simon (a New York law firm representing a number of D & H employees with claims under the Railway Labor Act), and Northeastern Industrial Park, Inc. (landlord to certain premises leased by the D & H). NYSDOT alone appeals to this Court the Bankruptcy Court's order.

2. The following parties have also filed briefs in opposition to NYSDOT's appeal: (1) Guilford

Transportation Industries, Inc., a creditor and sole shareholder of the D & H; (2) the D & H, the debtor herein.

3. The operative change of venue provision is 28 U.S.C. § 1412 which provides:
   A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.
   Bankruptcy Rule 1014(a)(1) employs the same criteria as the statute.

a motion to change venue.[4] On June 27, 1988, Francis P. Dicello was appointed trustee of the D & H.

Following oral argument on August 11, 1988, Judge Balick denied NYSDOT's motion to transfer. 96 B.R. 467. In her decision from the bench Judge Balick carefully examined the factors important in determining whether transfer is appropriate. These include: the proximity of the court to interested parties, the location of the debtor's assets, the economics of administering the estate and the relative economic harm to the debtor and other interested parties. Judge Balick then concluded the movants did not show by a fair preponderance of the evidence that the transfer to the Northern District of New York would be in the best interest of justice or convenient to the parties. NYSDOT filed a Notice of Appeal dated August 19, 1988 and also filed a Motion with the Bankruptcy Court for a Limited Stay Pending Appeal of all proceedings involving the people of the State of New York and NYSDOT. In a Bench Decision and Order dated August 30, 1988, Judge Balick denied NYSDOT's Motion for a Limited Stay. Before the Court is NYSDOT's appeal of the Bankruptcy Court's denial of NYSDOT's motion to transfer venue.

## BASIS OF APPELLATE JURISDICTION

The threshold issue is whether the Court can or should hear this appeal at the present time. The Court's jurisdiction to review orders of the Bankruptcy Court is governed by 28 U.S.C. § 158(a):

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and

proceedings referred to the bankruptcy judges under section 157 of this title. NYSDOT advances two arguments in support of its contention that this Court has jurisdiction pursuant to § 158(a) to hear its appeal: (1) that the denial of NYSDOT's motion to change venue is a final order under the collateral order doctrine, and (2) that, in the alternative, the Court should grant leave to appeal because the Bankruptcy Court's order is effectively unreviewable as to issues of law if an immediate appeal is not granted. Appellees argue that a motion to change venue is an interlocutory order and that NYSDOT should not be granted leave to appeal the order of the Bankruptcy Court.

Section 158(a) gives this Court jurisdiction to hear appeals from final orders of the Bankruptcy Court for the District of Delaware. A final order is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). A transfer of venue order does not finally end the litigation, rather it merely involves "the selection or designation of the forum in which final decisions will be ultimately resolved." *In re Dalton*, 733 F.2d 710, 714 (10th Cir.1984), *cert. dismissed*, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985). *See* 15 C. Wright, A. Miller & E. Cooper *Federal Practice and Procedure* § 3855 (1986 and 1987 Supp.) (entirely settled that order granting or denying motion to transfer is interlocutory and may not be reviewed on appeal until final judgment in action).

Since the Bankruptcy Court's order was not a final order, NYSDOT may only appeal as of right if the order is considered final under the collateral order doctrine exception. The collateral order doctrine of

---

If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

**4.** NYSDOT's principal responsibility in its regulatory capacity is to oversee the development and maintenance of the State's rail system and the related issues of grade crossings, safety and improvements. Also, NYSDOT asserts it is a party-in-interest in the reorganization as a result of its creditor status from numerous maintenance and rehabilitation agreements entered between NYSDOT and the D & H.

*Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), allows appeal from a narrow class of orders which are collateral to the litigation before there is a final judgment on the merits. *See generally,* 15 *Wright* at § 3911. This narrow class of orders are those that "finally determine claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The effect of finding the Bankruptcy Court's order collateral to the merits of the litigation is that NYSDOT may proceed with its appeal as a matter of right. Otherwise, the appeal must be considered interlocutory and may proceed only with leave of the court.

■ For an order to be considered final under the collateral order doctrine it must meet three requirements. These are: (1) the order conclusively determines the disputed question; (2) the order resolves an important question completely separate from the merits of the action; and (3) the order must be effectively unreviewable on appeal from final judgment. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 988 (3d Cir.1984) (noting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *First American Bank of New York v. Southwest Gloves,* 64 B.R. 963 (D.Del.1986).

■ The Court of Appeals for the Third Circuit has held that orders granting or denying motions to transfer venue are not immediately appealable as collateral final orders. *Nascone v. Spudnuts, Inc.,* 735 F.2d 763, 722 (3d Cir.1984). *See also In re Dalton,* 733 F.2d at 715 (federal appellate courts consistently refuse to rule interlocutory venue transfer orders part of *Cohen* collateral order exception). Although the *Nascone* decision was with reference to a transfer motion brought pursuant to 28 U.S.C. § 1404(b), the language of 28 U.S.C. § 1412 authorizing transfer of venue in bankruptcy actions is nearly identical. *See*

*In re Dalton,* 733 F.2d at 715 n. 3 (authorities addressing appealability of transfer orders pursuant to § 1404(a) relevant to bankruptcy appeals since both sections contain identical language authorizing transfer for convenience of parties and in interest of justice).

NYSDOT, however, argues that its right to change venue would be irretrievably lost unless an immediate appeal is permitted. This argument is unpersuasive. A wrongly decided transfer motion can be asserted as grounds for error on appeal from final judgment and thus need not be appealed immediately as a collateral final order. *Nascone,* 735 F.2d at 772–73; *see First American Bank,* 64 B.R. at 966 (showing of injustice or inability to appeal rather than waste of substantial time and order required to fulfill narrow *Cohen* exception). Thus, a preliminary order regarding forum is not appealable under the collateral order doctrine even though "postponing review forces the would-be appellant to litigate in the forum he seeks to avoid, and creates the risk that the entire proceeding will be rendered nugatory." *In re Dalton,* 733 F.2d at 715 (quoting *U.S. Tour Operators Association v. Trans World Airlines,* 556 F.2d 126, 129 (2d Cir.1977)). Therefore, in order for this Court to have jurisdiction over NYSDOT's appeal, leave of the court is necessary.

■ In order to appeal from an interlocutory order, Section 158(a) requires the appellant to obtain leave of the court. Pursuant to Bank.R. 8003(c), the Court will treat NYSDOT's notice of appeal as a motion for leave to appeal. *First American Bank of New York,* 64 B.R. at 966; *In re Nitec Paper Corp.,* 43 B.R. 492, 494 (S.D.N.Y. 1984).

Section 158(a) fails to provide criteria for determining when leave to appeal should be granted. This Court has held that it will apply by analogy the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to the United States courts of appeals. *Beckley Coal Mining Co. v. United Mine Workers,* 98 B.R. 690, 692 (D.Del.1988); *First American*

*Bank of New York*, 64 B.R. at 966. *See also In re American Reserve Corp.*, 71 B.R. 303 (N.D.Ill.1987); *In re United States Press Intern., Inc.*, 60 B.R. 265 (D.Col.1986); *In re Johns–Manville*, 45 B.R. 833 (S.D.N.Y.1984); *In the Matter of Caribbean Tubular Corp.*, 44 B.R. 283 (D.C.P.R.1984); 1 *Collier on Bankruptcy* 3.03[7][d][v] at 3.303–3.307 (15th ed. 1983).

A court shall entertain an appeal of an interlocutory judgment under § 1292(b) only where the appellant establishes exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978); *Beckley Coal*, at 692; *In re Johns–Manville*, 47 B.R. 957, 960 (S.D.N.Y. 1985). Also, under section 1292(b) an interlocutory appeal will be granted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion and (3) when an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Id.*

In the case before the Court, NYSDOT cannot meet the three requirements of § 1292(b). A "controlling question of law" is one which would be reversible error on final appeal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). NYSDOT asserts that the Bankruptcy Judge's order involves a controlling question of law upon which there is substantial grounds for difference of opinion. The Bankruptcy Court stated in its opinion that "when venue is proper, debtor's choice of forum is entitled to great weight." The question of law, NYSDOT alleges, is the weight to be given the debtor's choice of forum where that forum is

arguably not the debtor's "home turf." NYSDOT avers that the Bankruptcy Judge erred as a matter of law because the weight that should be given to the selection of venue by the debtor is greatly reduced where the forum selected is not its "home turf."

A close examination of the Bankruptcy Court's opinion does not support NYSDOT's assertion. Although the Court does make the statement that the debtor's choice of forum is entitled to great weight, it does not rely on this language in forming its conclusion that NYSDOT has not shown "by a fair preponderance of the evidence that transfer would be in the best interest of justice or convenience of the parties." Rather, it bases its decision to deny transfer upon a careful examination of the relevant facts and weighs them appropriately with respect to the interests of justice and the convenience of parties. The Bankruptcy Court in its discretion clearly considered the facts supporting a transfer but found them unpersuasive.

Similarly, there are no exceptional circumstances that justify the need for immediate review. NYSDOT asserts that because of budgetary restrictions it will be unable to fully participate in the litigation if venue remains in Delaware. This is not an exceptional circumstance justifying departure from the basic policy of postponing review. The decision of the Bankruptcy Judge was the result of the careful weighing of conflicting interests and equities based upon the particular circumstances of the case before her, including the financial restrictions of NYSDOT. *In re Manville*, 47 B.R. 955, 957 (S.D.N.Y.1985). Thus, appellate review of the Bankruptcy Court's order will have to await further disposition of the case below.[5]

5. Because I have not granted leave of the court to hear appellant's appeal, I will not decide today whether the blanket prohibition of 11 U.S.C. § 1164 over appeals by state regulatory bodies includes the situation where that same regulatory body is also a party-in-interest pursuant to 11 U.S.C. § 1109(b). Similarly, Dicello's motion to strike portions of exhibits in NYSDOT's brief in opposition to Dicello's motion to dismiss is moot as the exhibits at issue are only relevant to the controversy under 11 U.S.C. § 1164.

Also, because I do not reach the merits of the appeal, it is not necessary for me to decide Dicello's motion to strike portions of the appendix to NYSDOT's brief on the merits of the appeal.

Therefore, for the reasons discussed above, NYSDOT's motion to appeal the venue order will be denied and Dicello's motion to dismiss the appeal will be granted.