**In re VIENNA PARK PROPERTIES, a limited partnership, Debtor.**

**No. M–47 (Part I) (RJW).**

United States District Court,
S.D. New York.

March 11, 1991.

## MEMORANDUM DECISION

ROBERT J. WARD, District Judge.

Trust Bank Savings, F.S.B. ("Trustbank") and United Postal Savings Association ("United Postal") (collectively, the "Secured Creditors") appeal from an Order of the United States Bankruptcy Court for the Southern District of New York (Blackshear, B.J.), entered November 6, 1990, which denied their motion to transfer venue to the Eastern District of Virginia. For the reasons that follow, the Order of the bankruptcy court is vacated, and the action is remanded to the bankruptcy court for proceedings consistent with this decision.

## BACKGROUND

On November 22, 1989, Vienna Park Properties (the "Debtor") filed a voluntary petition for bankruptcy, pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York.

The Secured Creditors moved on January 10, 1990 before the Hon. Cornelius Blackshear, Bankruptcy Judge, for an order transferring venue of the action to the Eastern District of Virginia. In a Decision issued on October 23, 1990 (the "Decision"), 120 B.R. 320, the bankruptcy court denied the Secured Creditors motion for a transfer of venue. The court found (1) that venue was proper in this district under 28 U.S.C. § 1408, and (2) that transfer was not warranted under 28 U.S.C. § 1412 and Bankruptcy Rule 1014(a)(1), which provide for transfer in the interests of justice and for the convenience of the parties. This decision was thereafter embodied in an Order signed on November 2, 1990, and entered by the Clerk on November 6, 1990. The Secured Creditors do not challenge the first ruling, but appeal only from the bankruptcy court's finding that the interests of justice and convenience of the parties would best be served by maintaining venue in this district.

This is a single asset real estate bankruptcy case. The asset at issue is a 300–unit apartment complex located in Vienna, Virginia. The facts surrounding the financing, purchase, and operation of the asset need not be detailed here, and will be noted where pertinent to the bankruptcy court's disposition of the issue on appeal.

A. *The Decision of the Bankruptcy Court.*

The bankruptcy court found that venue was proper in the Southern District under 28 U.S.C. § 1408, finding after an evidentiary hearing that the principal place of business of the Debtor, a partnership, is located in New York. As noted above, the Secured Creditors do not challenge this ruling.

The court then turned to the issue whether the case should be transferred pursuant to 28 U.S.C. § 1412, which provides for transfer "in the interest of justice or for the convenience of the parties." Applying the factors enumerated in *Commonwealth v. Commonwealth Oil Refining Co., Inc.,*

596 F.2d 1239, 1247 (5th Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) (*"CORCO"*),[1] which both parties cite as the appropriate legal standard, the court determined that it would not be in the interest of justice to transfer the action to Virginia.

The court found that the Debtor has no creditors located in New York, that four of the five secured creditors are located in the Washington, D.C. vicinity,[2] and that of the unsecured creditors with matured claims, all are located in proximity to the property, which is in Virginia. With respect to the factors of the proximity of the Debtor to the court and the location of the assets, the court determined that these "[did] not carry much weight either in favor of transfer of venue or against it." Decision at 331. The court found that although the Debtor's major asset, the apartment complex, as well as certain books and records, and bank and escrow accounts, were located in or around Virginia, other books and records were located in New York. Judge Blackshear found that "[s]hould liquidation occur, Virginia would be the best location for this case since the overwhelming majority of the Debtor's creditors, both secured and unsecured, are in close proximity to Virginia." Decision at 331. The factor of proximity of witnesses was found to militate strongly in favor of transfer.

With respect to the factor of the efficient administration of the estate, Judge Blackshear determined that several considerations weighed in favor of transfer to Virginia. First, the court found that issues of Virginia law were likely to be raised which were "genuine and [ ] truly of local concern." Decision at 330. The court thus stated that "[t]he economic administration of the estate appears to call for a Virginia bankruptcy court, which is versed in Virginia law, to hear and determine these types of issues." *Id.* at 330. Stating that the

"most important factor to weigh, by far, is the promotion of the economic and efficient administration of the estate . . . ," the court further found that "[i]n light of the possible protracted litigation [which will involve issues of Virginia law and witnesses in Virginia], *the economic and efficient administration of the estate would most likely be served if the case were transferred to Virginia.*" *Id.* at 331 (emphasis supplied).

Notwithstanding the above findings, the court included the following paragraph near the end of the Decision, which the Secured Creditors urge as reversible error:

Normally, the analysis would end here and the case would be transferred to Virginia. However, this court finds that another factor must be considered under the "efficient administration of the case" factor. This Court has decided numerous issues and matters in this case and finds that its imprint on this case is so pervasive that transfer to another bankruptcy judge would not be in keeping with judicial economy. This is especially true because of my opinion, rendered *sua sponte* and signed and decided simultaneously with this decision, reversing an earlier decision. A bankruptcy judge should not be placed in a position of overruling a decision of another bankruptcy judge. If the case is to be overruled, the proper appellate procedures should be followed.

Decision at 332. Thus, the bankruptcy court denied the Secured Creditors' motion for transfer.

## DISCUSSION

The Secured Creditors previously had moved this Court for leave to appeal the venue decision of the bankruptcy court. The jurisdiction of district courts over appeals from interlocutory orders of the bankruptcy courts is governed by 28 U.S.C.

---

**1.** Those factors are: (1) the proximity of creditors of every kind to the court; (2) the proximity of the debtor to the court; (3) the proximity of witnesses necessary to the administration of the estate; (4) the location of the assets; (5) the economic administration of the estate; and (6) the necessity for ancillary administration in the

event of liquidation. *See* Decision at 329–30 (citing *CORCO* ).

**2.** As noted by the court, the remaining secured creditor, the largest of the five, is located in Missouri but joins in the motion to transfer.

§ 158(a), which provides that interlocutory appeals may be brought "with leave of the court." The parties agreed that the bankruptcy Order at issue is interlocutory in nature.

■ On January 15, 1991, following oral argument on the motion for leave to appeal, Debtor consented to the motion and the Court then granted the motion for leave to appeal. The parties agreed upon a briefing schedule on the merits of the appeal. Briefing having been completed, the Court now addresses the merits of the appeal.

Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." The party moving for change of venue bears the burden of proof and that burden must be carried by a preponderance of the evidence. *In re Legend Indus., Inc.,* 49 B.R. 935, 938 (Bankr.E.D.N.Y.1985); *In re Butcher,* 46 B.R. 109, 112 (Bankr. N.D.Ga.1985); 1 Collier [on Bankruptcy] ¶ 3.02[4][a], at 3–153 [15th ed. 1984].

*In re Manville Forest Products Corp.,* 896 F.2d 1384, 1390–91 (2d Cir.1990). Venue motions are entrusted to the discretion of the trial court, and are to be decided based upon the particular circumstances of each case, in light of the broad purposes of convenience and fairness. *Id.* (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988)).

■ The bankruptcy court's findings of fact may not be set aside unless clearly erroneous. Bankruptcy Rule 8013. Its conclusions of law, however, must be reviewed *de novo* by the district court. *In re Tesmetges,* 47 B.R. 385, 388 (E.D.N.Y. 1984); *In re O.P.M. Leasing Services, Inc.,* 79 B.R. 161, 162 (S.D.N.Y.1987); *In re Chateaugay Corp.,* 104 B.R. 637 (S.D.N.Y. 1989).

The Secured Creditors argue on appeal that the decision of the bankruptcy court should be reversed because the court, after finding that all of the *CORCO* factors weighed in favor of transfer, declined to order such transfer based upon its "imprint" upon the case, and upon a desire to avoid reversal with respect to a recent decision on a question of Virginia law by a bankruptcy court in Virginia. The Secured Creditors insist that each of these bases for the decision is improper as a matter of law.

The Debtor takes the position that, viewing the record as a whole, the bankruptcy court's denial of transfer was proper. Examining the *CORCO* factors one by one, the Debtor asserts that the weight of the evidence presented at the hearing below supports the ultimate conclusion of the bankruptcy court. In doing so, however, the Debtor asks the Court to reject what it terms the bankruptcy court's "sub-conclusions of law," which it argues are contrary to the weight of the evidence and inconsistent with the bankruptcy court's findings of fact.

■ The Court finds neither the position of the Secured Creditors, nor that of the Debtor, fully persuasive. Notwithstanding the arguments of the Secured Creditors, time and effort spent by a court are appropriate factors in determining the venue in which the estate may most efficiently and economically be administered. *See In re Manville Forest Products Corp., supra,* 896 F.2d at 1391. Thus the bankruptcy court did not err as a matter of law in considering its "imprint" on the case.[3] On the other hand, the language of the lower court regarding a desire to avoid reversal of its ruling concerning Virginia law suggests that an inappropriate criterion might have colored its decision on the venue motion.

■ However, the Court likewise declines the Debtor's invitation to review the factual record *de novo*, which is in effect what would be required in order for the Debtor to prevail on this appeal. The so-called "sub-conclusions of law" are not legal conclusions at all, but factual determi-

---

**3.** It would have perhaps been better to have chosen a word other than "imprint" to express this factor, thereby more clearly expressing the rationales of efficiency and familiarity with the case rather than a desire to avoid contrary rulings in another district.

nations concerning the *CORCO* criteria and the appropriate weight to be assigned each factor in the factual context of the instant petition. Although the Debtor goes to great length to persuade this Court that the record would support a denial of transfer, it fails to demonstrate that the factual findings of the bankruptcy court regarding each factor and the weight it should be given are clearly erroneous.

 In light of the foregoing, the Court determines that the appropriate course is to vacate the Order of the bankruptcy court, and to remand the matter to that court for an evaluation of the transfer motion in light of all of the evidence previously presented to the bankruptcy court, but without reference to the arguably improper factor previously mentioned by the court. This disposition of the appeal allows the bankruptcy court, which held an extended hearing and which considered volumes of evidence, to weigh the *CORCO* factors in the context of the particular case, taking into account the credibility of witnesses and the court's previous involvement and "learning curve" in the matter. Because the decision of the bankruptcy court appears somewhat ambiguous, and this Court is unable to determine the weight, if any, that the court attached to the possibility of a reversal by a Virginia court, a remand will allow the bankruptcy court to clarify its reasoning and the weight given each factor.

## CONCLUSION

For the foregoing reasons, the Order of the bankruptcy court which denied the Secured Creditors' motion to transfer venue in the interests of justice and for the convenience of the parties is hereby vacated, and the matter is remanded for reconsideration in light of this decision.

It is so ordered.