**In re Peter and Sylvia DONAHUE d/b/a Madbury Garrison Apts., Debtors.**

**BANK OF NEW HAMPSHIRE, Plaintiff,**

v.

**Peter and Sylvia DONAHUE d/b/a Madbury Garrison Apts., Defendants.**

Bankruptcy No. 94–10482–JEY.
Adv. No. 95–1007–JEY.

United States Bankruptcy Court,
D. New Hampshire.

May 10, 1995.

Earl L. Kalil, Jr., Portsmouth, NH, for plaintiff.

Diane M. Puckhaber, Rogers & Puckhaber, Concord, NH, for debtors.

Richard R. Erricola, Trustee, Richard Erricola Co., Inc., Sutton, MA.

## ORDER ON SUMMARY JUDGEMENT

JAMES E. YACOS, Chief Judge.

This adversary proceeding came before the Court on May 9, 1995 on a motion for summary judgment filed by the plaintiff and the defendants' objection thereto. The plaintiff is seeking to bar the debtors' discharge in the present bankruptcy case pursuant to 11 U.S.C. § 727(a)(8).

The underlying facts are not in dispute. The debtors filed their first chapter 11 petition on January 16, 1992. An Order confirming their plan of reorganization was entered on January 31, 1992 and the debtors obtained a discharge under § 1141(d)(1)(A). The plan reduced the Bank of New Hampshire's $595,000 secured claim to $350,000 which was the approximate value of the property securing the loan. The plan was substantially consummated and the case was closed on January 7, 1993.

One year later, in December of 1993, it was discovered the defendants had failed to pay their real estate taxes for 1989 through 1993. On March 1, 1994 the debtors filed a second chapter 11 petition. The debtors were unable to secure the funds needed to pay the outstanding taxes and after a number of failed negotiation attempts the bank foreclosed on the debtors' property on August 23, 1994. The property was sold for $240,000 leaving the bank with an unsecured deficien-

cy claim.[1] The chapter 11 case was converted to chapter 7 on November 1, 1994.

The issue before the Court is whether or not the debtors are entitled to a discharge in their present case. The bank contends the debtors fall squarely within the § 727(a)(8) statutory bar from discharge because the debtors were granted a discharge under § 1141(d)(1)(A) in their first case which was commenced within six years of their second case. The debtors put forth a strong equity argument citing the "fresh start" policy of the Code and the fact that these "honest" debtors have undergone substantial hardship including losing their home and significantly reducing their standard of living in a failed attempt to secure repayment of their debts.

Although the Court is sympathetic to the difficulties the debtors have undergone, equity is not a license to ignore the plain language of the statute. Nor may the Court disregard the strong countervailing policy of the finality of a confirmation order. *In re DiBerto*, 171 B.R. 461, 471 (Bankr. D.N.H.1994). This Court has repeatedly stated that a reorganization plan is an enforceable contractual agreement which creates new obligations between the debtor and creditors. *Id.* Just as the Court would hold a creditor accountable to the terms of a reorganization plan, it must also hold the debtor accountable to the agreements as well. To encourage and foster consensual plans, settlements embodied in such plans must be strictly enforced. *Id.* at 476.

Every debtor that files a petition no doubt has endured hardships and sacrifices before and after seeking protection in the bankruptcy court. By choosing reorganization instead of liquidation, a debtor is able to retain its assets, reduce its debts and continue operations. However, this protection has a price: the debtor must live up to the obligations set forth in the reorganization plan or face the consequences of the failure to do so. To allow a debtor to walk away from the terms of a confirmed reorganization plan based only on a recitation of the hardships they have endured would essentially eviscerate the effectiveness and finality of every confirmation order entered hereafter.

Under § 727(a)(8), the Court must deny the debtor a discharge if the petition in the present case was filed within six years of obtaining a discharge in a earlier filed case. Courts have held this provision applies once the plan is confirmed even if the case is ultimately dismissed by order of the Court, *In re Smith*, 95 B.R. 468 (Bankr.W.D.Ky. 1988), or by request of the debtor, *Matter of Bishop*, 74 B.R. 677 (Bankr.M.D.Ga.1987).

Based upon the foregoing reasons as well as the Court's findings and conclusions dictated into the record at the conclusion of the hearing, which are hereby incorporated by reference, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. There is no genuine issue of material fact and the plaintiff's motion for summary judgement is hereby granted.

2. The exact amount of the monies owed to the plaintiff shall be determined by the procedure outlined in an Order by this Court entered contemporaneously this date.

3. Final judgement for the plaintiff will be entered following determination of the exact amount of the bank's claim.

DONE and ORDERED.

---

1. Until the date of the hearing on the motion for summary judgment, the bank never provided the debtor with an accounting of the sale. Although it is apparent the bank holds a claim, the exact amount of its claim has not been established. The exact amount of the claim is to be determined by this court in the procedure outlined in an Order entered contemporaneously this date.