DAL-TILE INTL., INC., Appellant,

v.

COLOR TILE, INC., et al., Appellees.

Civil Action No. 96–244–LON.

United States District Court,
D. Delaware.

Dec. 9, 1996.

2. The oral bench ruling was so ordered. This written form of my decision does not constitute an order.

Joanne Pileggi Pinckney of Wolf, Block, Schorr & Solis–Cohen, Wilmington; of counsel: Marci L. Romick, and Micheal W. Bishop, of Godwin & Carlton, P.C., Dallas, Texas, for Appellant.

Laura Davis Jones, Brendan Linehan Shannon and Scott D. Cousins of Young, Conaway, Stargatt & Taylor, Wilmington; of counsel: James E. Millstein, Lindsee P. Granfield, James L. Bromley and William M. Hohengarten of Cleary, Gottlieb, Steen & Hamilton, New York City, for Appellees.

## OPINION

LONGOBARDI, District Judge.

This case is before this Court on appeal pursuant to 28 U.S.C. § 158(a) from an order of the Bankruptcy Court denying reclamation, and establishing procedures for allowing or disallowing administrative claims pursuant to section 546(c) of the Bankruptcy Code. Presently before the Court is a motion to dismiss the appeal, or, alternatively, to strike issues and certain documents from the record.

The Debtors in this case are a nationwide retailer of floor-covering products. On January 24, 1996 ("the Petition Date"), the Debtors filed petitions for relief under chapter 11 of the United States Bankruptcy Code. Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Court ordered the joint administration of the Debtors' cases for procedural purposes. The Debtors are currently operating their businesses and managing their property as debtors in possession.

Subsequent to filing their chapter 11 petitions, the Debtors received approximately twenty-five demands for reclamation of goods allegedly delivered to the Debtors by various suppliers before the Petition Date. One such demand for reclamation was served by appellant Dal–Tile International, Inc. ("Dal–Tile"), a nationwide manufacture of ceramic tile. In opposition to any effort by these suppliers physically to reclaim any goods delivered, the Debtors filed a Motion for an Order Denying Reclamation and Establishing Procedures for Allowing or Disallowing Administrative Claims Pursuant to Section 546(c) of the Bankruptcy Code.

In this motion, the Debtors requested that the Bankruptcy Court deny the suppliers the right to physical reclamation for goods supplied to the Debtors and initiate a procedure for allowing or disallowing administrative claims granted in lieu of reclamation pursuant to section 546(c)(2)(A)[1] of the Bankrupt-

---

1. Section 546(c)(2) of the Bankruptcy Code provides:

the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—

cy Code. In an order dated March 27, 1996, the Bankruptcy Court granted the Debtors' motion (The "Reclamation Order"). The court's order denied any and all physical reclamation claims against the Debtors, and denied the granting of a lien in lieu of physical reclamation. The court ordered that "all sellers of goods that have demanded reclamation rights ... shall instead be allowed or disallowed (as the case may be) claims of a kind specified in Section 503(b) of the Bankruptcy Code (the "Reclamation Administrative Claims")." [Exhibit 7, Docket Item 2]. The court's order also set forth the procedure for the allowance or disallowance of the Reclamation Administrative Claims.

The present case involves Dal–Tile's appeal of the Reclamation Order. Dal–Tile's primary contention on appeal is that the Bankruptcy Court erred when it summarily denied Dal–Tile the right to physically reclaim its goods without granting it a corresponding administrative expense claim or a replacement lien. The Debtors moved to dismiss this appeal, asserting that the order of the Bankruptcy Court was not a final order from which there is an appeal of right and that exceptional circumstances do not exist to grant Dal–Tile a discretionary interlocutory appeal. Alternatively, the Debtors argue that issues not raised below and certain documents included by Dal–Tile as part of the record on appeal should be stricken from the record.

Section 158 of title 28 of the United States Code sets forth the requirements for the exercise of jurisdiction by a district court over an appeal from a bankruptcy court. That section provides that a district court shall have jurisdiction to hear appeals "from final judgments, orders, and decrees," and "with leave of the court, from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158. Dal–Tile's first argument is that the order of the Bankruptcy Court is a final order for purposes of section 158.

The Court of Appeals for the Third Circuit has indicated that the "unique characteristics of bankruptcy cases" warrant a "more pragmatic and less technical" approach in determining finality under 28 U.S.C. § 158. *In re F/S Airlease II, Inc. v. Simon,* 844 F.2d 99, 103 (3d Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988). The Third Circuit has directed district courts to consider four factors in determining whether an order of the bankruptcy court is final. These factors are (1) the impact on the assets of the estate; (2) the preclusive effect of a decision on the merits; (3) the need for additional fact-finding on remand; and (4) whether the interests of judicial economy will be furthered. *See Commerce Bank v. Mountain View Village, Inc.,* 5 F.3d 34, 37 (3d Cir.1993). The most important of these factors is the impact on the assets of the bankrupt estate. *In re Market Square Inn, Inc.,* 978 F.2d 116, 120 (3d Cir.1992). Evaluation of these factors in this case leads to the conclusion that the order of the Bankruptcy Court is a not final order.

The Reclamation Order has no impact on the assets of the Debtors' estate. It merely establishes a procedure for determining the validity and value of a supplier's reclamation claim, and it decrees that a supplier who establishes a valid reclamation claim will receive an administrative claim in lieu of physical reclamation. The Reclamation Order does not, however, adjudicate the merits of any reclamation claim.

Dal-Tile asserts that the Reclamation Order has a substantial impact on the assets of the bankruptcy estate, because, as admitted by the Debtors, the supplies that are the subject of the reclamation claim are essential to the Debtors' continued operations and reclamation of these supplies would greatly disrupt the Debtors' reorganization. Dal–Tile's argument, however, disregards the nature of its objection to the entry of this order. Dal–Tile's objection is based on the fact that the Bankruptcy Court denied reclamation but did not grant it a corresponding administrative

(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or

(B) secures such claim by a lien.
11 U.S.C. § 546(c).

priority claim or secure such reclamation claim by a lien. Thus, Dal–Tile's objection is procedural in nature. Because upon reversal of its order, the Bankruptcy Court would not be precluded from denying Dal–Tile physical reclamation of its supplies, but only be precluded from denying this right (if it exists in the first place) without granting a contemporaneous administrative claim or lien, reversal of this order will have no effect on the assets of the estate or on the Debtors' ability to reorganize.

Moreover, the other factors also favor the conclusion that the order is not final. Because the Bankruptcy Court did not adjudicate the merits of Dal–Tile's reclamation claim, the Reclamation Order does not preclusively resolve the validity, priority, or value of this claim. Fact-finding with respect to the value and validity of Dal–Tile's claim has not yet taken place in the Bankruptcy Court, and is necessary on remand, regardless of this Court's decision of this appeal. Finally, hearing this appeal will not further the interests of judicial economy because the issues presented here may be mooted by a later decision of the Bankruptcy Court.[2] Accordingly, the Bankruptcy Court's Order is not a final order for purposes of 28 U.S.C. § 158.

 Dal–Tile also asserts that, if this Court determines that the Reclamation Order is interlocutory, leave should be granted to afford it the opportunity to pursue its appeal of this order. Because section 158(a) does not provide criteria for determining when leave to appeal should be granted, this Court has held that the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to United States courts of appeals shall apply. *In re Delaware and Hudson Ry. Co.*, 96 B.R. 469, 472 (D.Del.), *aff'd*, 884 F.2d 1383 (3d Cir.), *and aff'd*, 884 F.2d 1384 (3d Cir.1989); *Beckley Coal Mining Co. v. United Mine Work-*

*ers*, 98 B.R. 690, 692 (D.Del.1988). Under section 1292(b), an interlocutory appeal may be had when the order at issue "(1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion and (3) when an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Delaware and Hudson*, 96 B.R. at 473. Additionally, a court will entertain an appeal under section 1292(b) only when an appellant demonstrates that "exceptional circumstances justify departure from the basic policy of postponing review until after the entry of final judgment." *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)).

Immediate appeal from this order will not materially advance the ultimate termination of this litigation. As indicated previously, the issues presented in this appeal may be mooted by a later decision by the Bankruptcy Court, and fact-finding with respect to the value and validity of Dal–Tile's claim will be necessary on remand, regardless of the Court's decision of this appeal. Dal–Tile has also failed to demonstrate the existence of exceptional circumstances that warrant granting it an interlocutory appeal.

Accordingly, the Debtors' motion to dismiss this appeal will be granted. The Debtors' alternative motion to strike certain issues and documents from the record is dismissed as moot.

---

2. Dal–Tile also argues that this case is analogous to the situation presented to this Court in *In re Continental Airlines*, 125 B.R. 399 (D.Del.), *aff'd*, 932 F.2d 282 (3d Cir.1991). In that case, the Bankruptcy Court ruled that certain creditors were not entitled to the right to be free from an automatic stay pursuant to section 1110 of the Bankruptcy Code. *Id.* at 400, 402. However, the situation in *Continental* is distinguishable from the present case, because, in that case, the Bankruptcy Court's order deprived the creditor-appellants of their section 1110 rights forever, *id.* at 402, whereas, in this case, the Bankruptcy Court's order did not deprive Dal–Tile of its reclamation rights, but only determined that if it is established that Dal–Tile has these rights, it will be granted an administrative claim in lieu of physical reclamation.