In re Michael J. ARMBRUST and Janelle Louise Armbrust, Debtors.

William Jahraus and Sheryl Jahraus, Plaintiffs/Appellees,

v.

Michael J. Armbrust and Janelle Louise Armbrust, Defendants/Appellants.

Civ. A. No. 3:01CV–156–S.
Bankruptcy No. 00–31413(2) 7.

United States District Court,
W.D. Kentucky.

June 15, 2001.

David Marcus Cantor, Seiller & Handmaker, Louisville, KY, for appellants.

Douglas E. Miller, Miller & Durham, Radcliff, KY, for appellees.

### *MEMORANDUM OPINION*

SIMPSON, Chief Judge.

This bankruptcy appeal is before us for consideration of the order entered by the United States Bankruptcy Court for the Western District of Kentucky which granted the motion of the plaintiffs/appellees, William and Sheryl Jahraus, for change of venue and which transferred this adversary proceeding to the Bankruptcy Court for the District of North Dakota. The matter having been fully briefed, it is now ripe for review.

### BACKGROUND

The pertinent factual background of both the debtors' bankruptcy proceeding and this adversary proceeding is adequate-ly set forth in the bankruptcy court's memorandum opinion and order entered on November 6, 2000. *See* Bankr.DN 6. It is sufficient for our purposes to note that the bankruptcy court transferred this proceeding pursuant to 28 U.S.C. § 1412 because it found from a totality of the circumstances that a transfer "will result in a more efficient dispensing of justice and will certainly be far more convenient to the greater number of people." *Id.* at 4. The debtors now claim that the bankruptcy court erred in concluding that venue should be transferred from the Western District of Kentucky to the District of North Dakota. *See* Debtors' Br., DN 2, at 5.

### STANDARD OF REVIEW

■■■ The district court sits as a court of appellate review for decisions of the bankruptcy courts. *See* 28 U.S.C. § 158(a) (" § 158(a)"). However, the jurisdiction of district courts to hear appeals from bankruptcy courts is limited. *See id.* Pursuant to § 158(a), "district courts ... shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees ... [and] with leave of the court, from other interlocutory orders and decrees...."

■■■ If a district court determines that it may hear an appeal from a bankruptcy court, it will not set aside the bankruptcy court's findings of fact unless they are clearly erroneous. Fed. R. Bankr.P. 8013. The district court, however, gives "plenary review to questions of law." *In re Charfoos,* 979 F.2d 390, 392 (6th Cir. 1992).

### DISCUSSION

■■■ The bankruptcy court's order transferring this adversary proceeding pursuant to Fed. R Bankr.P. 7087 and 28 U.S.C. § 1412 is clearly not a final order.

*See In re Dalton,* 733 F.2d 710, 714–15 (10th Cir.1984). The order does not "end[ ] the litigation on the merits" leaving "nothing for the court to do but execute the judgment." *In re Julien Co.,* 146 F.3d 420, 422 (6th Cir.1998) (citation omitted). Rather, it "merely involves 'the selection or designation of the forum in which final decisions will be ultimately resolved.'" *In re Delaware and Hudson Ry. Co.,* 96 B.R. 469, 471 (D.Del.1989) (quoting *In re Dalton,* 733 F.2d at 714).

 In order to appeal the bankruptcy court's interlocutory order transferring venue, the debtors must obtain leave from this court. While the debtors have not filed a motion for leave to appeal the bankruptcy court's order, we construe their timely notice of appeal as such a motion. *See* Fed. R. Bankr.P. 8003(c).

 Whether to grant leave to appeal is within the discretion of the district court, *see Matter of PHM Credit Corp.,* 99 B.R. 762, 764 (E.D.Mich.1989), and there are several factors which weigh in favor of granting the debtors leave to appeal the bankruptcy court's order. First, the parties have fully briefed the substantive issue of whether the bankruptcy court erred in transferring this adversary proceeding. Second, the creditors will not be prejudiced given that they have not challenged the debtors' ability to appeal. Finally, neither a factual nor a legal dispute remains to be resolved. Rather, whether the bankruptcy court properly weighed various factors which must be considered when a motion to transfer venue is made is all that is before us.

Because no interest would be served by delaying review until after the matter has been transferred to the District of North Dakota, we will grant what we construe as the debtors' motion for leave to appeal the bankruptcy court's interlocutory order.

 We review the bankruptcy court's application of 28 U.S.C. § 1412 to these facts for clear error. *See In re Vienna Park Properties,* 125 B.R. 84, 87–88 (S.D.N.Y.1991). The facts presented to the bankruptcy court were largely undisputed. It was clear that: (1) the plaintiffs are located in North Dakota; (2) witnesses relevant to the plaintiffs' claims are located in North Dakota; (3) the actions which form the basis of the plaintiffs' claims occurred, if at all, in North Dakota; (4) the debtors were located in North Dakota until shortly before they filed for bankruptcy protection; and (5) the subject matter of this adversary proceeding has previously been litigated, at least to some extent, in North Dakota state court. These facts, which weigh in favor of transfer, were counterbalanced only by the fact that the debtors now reside within the Western District of Kentucky.

We are satisfied that the bankruptcy court correctly applied 28 U.S.C. § 1412 to the undisputed facts with which it was presented. While the debtors may be inconvenienced by having to litigate this adversary proceeding in North Dakota, that burden is vastly outweighed by the many factors cited by the bankruptcy court which favor a transfer to the District of North Dakota. We find that the bankruptcy court's factual determination was not clearly erroneous.

Having found the bankruptcy court's memorandum opinion and order is well-grounded in both fact and law, we will affirm its conclusion that this adversary proceeding should be transferred to the District of North Dakota.

## CONCLUSION

The order of the bankruptcy court transferring this adversary proceeding to the United States Bankruptcy Court for the District of North Dakota will be af-

firmed. A separate order will be entered this date in accordance with this opinion.