## COHEN v. DANIELS.

1. **Venue:** RESIDENCE: WHEN LOST. When a person while in the act of changing his residence from one county to another, which he intends to make his future place of residence, is passing through an intermediate one, he is regarded as having no residence in the State within the meaning of section 2800 of the Revision, which provides that "personal actions must be brought in the county wherein some of the defendants actually reside; but if none of them have any residence within the State, they may be sued in any county wherein either of them may be found." The act and intention of a party must concur to establish the fact of residence. A mere *intention* is not sufficient.

Cohen v. Daniels.

2. —— RULE APPLIED. D. had resided in the county of H.; but having formed an intention to change his residence to the county of D., was, with his family, in the act of removing thereto, when in passing through the county of B., on his way, an action was there commenced against him and service of notice made upon him. *Held*, that the action was, under said section 2800 of the Revision, properly brought against him in the county of B., where he was found, and that he had no right to have the venue changed to the county of H., which he had actually abandoned, nor to the county of D., to which he was removing, and which he intended to make his future place of residence.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 11.

THIS is an action on an account, for goods, etc., by ordinary proceeding, brought in the District Court of Black Hawk county.

The defendant moved the court for a change of venue, basing his application upon an affidavit averring, that, for a long time prior to the commencement of the action, he had resided in Hardin county, but having made arrangements to change his residence to Dubuque, he was, at the time of the service of the notice, passing through Black Hawk county, with his family, on his way to his future place of residence. The motion was overruled; defendant excepting at the time, now appeals.

*O. Miller* and *J. L. Husted* for the appellant.

*Boies & Allen* for the appellee.

BECK, J. — Section 2800 of the Revision provides, that "personal actions must be brought in a county wherein some of the defendants actually reside. But if none of them have any residence within the State, they may be sued in any county wherever either of them may be found." Did the defendant, as shown by

1. VENUE: residence: when lost.

the record, have a residence within the State? The intention of the party and his acts are to be considered in determining the question, and they must concur in order to fix the fact of residence. *Hinds* v. *Hinds*, 1 Iowa, 40–47; *State* v. *Groome*, 10 Iowa, 315. He had actually abandoned his residence in Hardin county without the *animus revertendi*, and with an intention of residing elsewhere. His intention and act thus uniting, it is evident that afterward his residence was not in Hardin county.

It appears from the record that although he had formed an intention to take up his residence in Dubuque, he had not in fact done so. It does not appear that he was ever in Dubuque, that he had a dwelling-house or place of business there, or that he had formed relations or performed acts of any character which were evidence of a residence in that county. The fact that he was on his way there, is evidence only that he was preparing to carry out an intention before formed; but the intent must be coupled with the actual dwelling in order to fix the residence. He was not, therefore, a resident of Dubuque.

It is urged that all persons are presumed by the law to have a residence, and that, in cases of this character, the old residence is retained until the new one is acquired. In support of this doctrine many authorities are quoted. They are, however, not applicable to the point before us, but all properly relate to questions of domicile. The distinctions between the import of the terms "residence" and "domicile" are obvious. The first is used to indicate the place of dwelling, whether permanent or temporary, the second to denote a fixed, permanent residence, to which, when absent, one has the intention of returning; the first has a more limited, precise and local application than the second, which is more used to fix the character of persons in reference to certain

rights, duties and obligations. *Jefferson* v. *Washington*, 19 Me. 293.

A party may have his domicile in one place and his residence in another. Story's Conflict of Laws, § 44. Without pointing out other distinctions, it is sufficient to say that the words are not regarded as synonymous. We may easily define the term " residence," but a satisfactory definition of the other term, " domicile," seems to baffle many of the authorities, and to deter others from attempting it. Story's Conflict of Laws, § 43 ; *Giner* v. *O'Daniel*, 1 Bin. 349 ; 1 Am. Leading Cases, 707 ; *Love* v. *Cheny*, 24 Iowa, 204.

We are of the opinion that the defendant had not, at the time of the service of the notice, a residence within the State in the meaning of section 2800, and suit was therefore properly brought against him in Black Hawk county, where he was then found.

Affirmed.