**UNITED STATES v. STABLER.**

No. 9534.

Circuit Court of Appeals
Third Circuit.

Argued Aug. 16, 1948.
Decided Aug. 26, 1948.

George C. Dix, of New York City, for appellant.

Edward V. Ryan, Asst. U. S. Atty., of Newark, N. J. (Isaiah Matlack, U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

■ This appeal is from an order of the District Court for the District of New Jersey which denied a motion by Oscar Richard Stabler, now appellant, to vacate and set aside its judgment of August 10, 1943 by which his citizenship was cancelled for fraud. The issue presented is a narrow one involving in the main a question of statutory construction. If the District Court of New Jersey had authority to enter the judgment cancelling the appellant's citizenship, the attempt to reopen the proceedings at this time comes too late. Klapprott v. United States, 3 Cir., 1948, 166 F. 2d 273, certiorari granted, 68 S.Ct. 1086. If the statute was not complied with and the Court had no authority to proceed, then appellant may properly call upon the Court to clear its record of a void judgment.

The statute involved is § 338, paragraphs (a) and (b) of the Nationality Act of 1940. 54 Stat. 1158, 8 U.S.C.A. § 738 (a, b). It is there provided that proceedings to revoke the order admitting a former alien to citizenship shall be brought in the judicial district in which the naturalized citizen may reside at the time of bringing suit. Paragraph (b) of the same section provides for the time in which the defendant in the proceedings shall answer and states further that if the naturalized person be absent from the judicial district "in which such person last had his residence" means shall be taken to provide him with notice of the action.

■ At the time the proceedings to revoke Stabler's naturalization were begun he was confined in the Federal Correctional Institution in Milan, Michigan. Notice of the action was sent to him there, but he filed no appearance or plea.[1] A judgment was taken by default. Cf. Klapprott v. United States, supra. Immediately prior to the time of his arrest for the offense for which he was incarcerated he had worked for several weeks at his trade of barbering in New Jersey. In the meantime, he had retained a room previously occupied by him in the City of New York. The District Court stated that "prior to the institution of suit he was a resident of the District of New Jersey, although he continued to maintain a domicile in the Eastern District of New York." We think this conclusion is in accord with the evidence in the case. What bearing does it have on the legality of the proceedings under the terms provided for in the statute cited above?

■■ A person who is domiciled within a country and a citizen thereof is, of course, subject to the jurisdiction of its courts wherever he may be since both domicil and national allegiance are recognized bases of jurisdiction over a person. Blackmer v. United States, 1932, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375; Milliken v. Meyer, 1940, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; see Restatement, Conflict of Laws, § 47(1934). In this country, of course, a reasonable means of notice must be provided for to comply with procedural due process. See Restatement, Conflict of Laws, § 75(1934); Restatement, Judgments, § 6(1942). Therefore, with the power to summon the defendant into court undoubtedly present, the question becomes simply whether the court which acted in this case was the one given power thus to act by the Congressional statute above referred to. In other words, was the venue proper. Cf.

[1] Under date of May 30, 1943, Stabler wrote the United States Attorney at Newark, that he did "not intend to contest civil action (No. 2824) which the government has brought against me." Cf. United States v. Christoph, 3 Cir., 1948, 167 F.2d 900.

United States ex rel. Harrington v. Schlotfeldt, 7 Cir., 1943, 136 F.2d 935, certiorari denied, Krause v. United States, 1946, 327 U.S. 781, 66 S.Ct. 680, 90 L.Ed. 1008; United States v. Gronich, D.C.Wash.1914, 211 F. 548. Most of the difficulty here has its origin in the use of the word "residence", a single term of broad and ill-defined content having no exact legal meaning. Sometimes, when used in a statute or constitution, it means domicil. See Beale, Conflict of Laws, § 10.3(1935). And domicil is a term whose definition, at least, is clear. See Beale, op. cit. supra § 9.1. On other occasions residence means something less than domicil and involves physical presence in a place without requiring the intent to make it one's home which is involved in the domicil concept. Neuberger v. United States, 2 Cir., 1926, 13 F.2d 541; Cohen v. Daniels, 1886, 25 Iowa 88.

■ In denaturalization proceedings the appellant concedes that the use of the term "residence" in § 738 does not require denaturalization proceedings to be conducted at the domicil of the person against whom the action is brought. Cf. Neuberger v. United States, supra; Gallagher v. United States, D.C.Cal.N.D.1946, 66 F.Supp. 743. But the appellant urges the kind of residence required is something more than what Stabler had here in New Jersey. With this we disagree. We do not think the statute contemplates a distinction in legal rights or duties based on a distinction between a little or unimportant residence as contrasted with a big or important residence. We believe the District Court was right in finding that Stabler's presence in New Jersey over a period of weeks in which he followed his trade and which presence was interrupted only by his arrest on a Federal charge, was sufficient to give him a residence in New Jersey and, if he had remained there, would undoubtedly have indicated New Jersey as the proper place in which these proceedings could be carried on.

■ As stated above, Stabler was in a federal prison in Michigan at the time the action was begun. Was New Jersey the place where he "last had his residence" as provided in § 738(b) of the statute? Clearly New Jersey was his last residence unless that residence was changed to Milan, Michigan, when he was incarcerated in prison there. It has been held that a federal court of a district in which a person was incarcerated in a federal penitentiary had no authority to cancel a naturalized citizen's certificate of naturalization. United States v. Gronich, supra. It is clear that one does not acquire a domicil while imprisoned. People v. Cady, 1894, 143 N.Y. 100, 37 N.E. 673, 25 L.R.A. 399; see Goodrich, Conflict of Laws, § 27(1938). We think that with "residence" as well as with "domicil", some picking out of a place to live in by the individual concerned is involved. Neuberger v. United States, supra. The same reasons which have made courts refuse to find a man domiciled in prison substantiate the conclusion reached in the Gronich case that a man does not acquire a residence there either. That being so, New Jersey was Stabler's last residence prior to the beginning of the denaturalization proceeding. The District Court there was the one designated by Congress as the proper forum for the action and the notification to him while a prisoner in the institution at Milan, Michigan, was in conformity with the requirements of the statute.[2]

This settles the case. The judgment of the District Court of New Jersey will be affirmed.

---

[2] The action of the Court below can be sustained on another ground. The statutory provision involved is a provision for venue which, of course, can be waived. The failure to object to the district in which the proceedings were commenced before the judgment was rendered waives such objection. Cf. United States ex rel. Harrington v. Schlotfeldt, 7 Cir., 1943, 136 F.2d 935, certiorari denied, Krause v. United States, 1946, 327 U.S. 781, 66 S.Ct. 680, 90 L.Ed. 1008.