**In re NESHAMINY OFFICE BUILDING · ASSOCIATES.**

**Misc. No. 87–379.**

United States District Court, E.D. Pennsylvania.

Dec. 7, 1987.

---

302

Leonard Klehr, Neal A. Jacobs, Philadelphia, Pa., for Neshaminy Office Bldg. Associates.

Nathan Lavine, Philadelphia, Pa., for Neshaminy Plaza Assoc.

## MEMORANDUM

NEWCOMER, District Judge.

The issue in this bankruptcy case, which is now over six years old, is whether this court should grant an interlocutory appeal of the Bankruptcy Court's denial of approval of a Settlement Agreement proposed by the trustee in bankruptcy and the primary creditor.

### I. *Facts*

In November 1979, Neshaminy Plaza Association ("NPA") sold a parcel of land and certain buildings to Fidelity America Mortgage Company ("FAMCO"). FAMCO then sold the buildings only to Neshaminy Office Building Associates ("NOBA"). FAMCO subsequently defaulted on the installment sales contract with NPA; thus NPA retook possession of the property through a state court ejectment proceeding. NPA also confessed judgment against FAMCO for the amount owed to NPA. NPA has retained possession of the property since January 15, 1981, and its confessed judgment is unpaid.

In February 1981 FAMCO and NOBA filed a chapter 11 bankruptcy petition. A trustee was appointed for FAMCO who tried unsuccessfully to have the state ejectment judgment set aside. FAMCO then negotiated a settlement with NPA which was approved by the Bankruptcy Court over NOBA's objection. The settlement approval was appealed to this Court. I reversed the approval and remanded the case for the Bankruptcy Court to determine if the settlement proposal was in the best interest of NOBA. *In Re Neshaminy Office Building Associates*, 62 B.R. 798 (E.D.Pa.1986). On remand the Bankruptcy court, 75 B.R. 937, denied approval of the proposed settlement plan. NPA now asks this court for leave to file an interlocutory appeal of the decision to deny approval of the settlement.

### II. *Discussion*

■ Pursuant to 28 U.S.C. § 158(a), the District Court has jurisdiction, at the Court's discretion, to hear appeals from interlocutory orders and decrees entered by the United States Bankruptcy Court. The statute is silent, however, as to the standard that I should employ in determining when an interlocutory appeal should be granted. A number of courts, have recognized that the standards set forth in 28 U.S.C. § 1292(b) [1] which provides the standard for such appeals from district court interlocutory orders, applies to appeals from bankruptcy courts. *In re Bertoli*, 58 B.R. 992, 995 (D.N.J.1986); *In re Johns-Manville Corporation*, 39 B.R. 234, 236 (citing *In re Codesco, Inc.*, 30 B.R. 472, 473 (S.D.N.Y.1983)); *In re Moskowitz*, 14 B.R. 307, 308 (S.D.N.Y.1981).

■ The fundamental policy supported by the § 1292(b) requirements is that appel-

1. § 1292(b) reads as follows:
When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

late review should be postponed until after the entry of final judgment. Only exceptional circumstances justify the hearing of an appeal before a final judgment is rendered. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978). Accordingly, interlocutory appeals are allowed only when three requirements are satisfied:

   (1) That a controlling question of law is involved;

   (2) That the question is one where there is substantial ground for difference of opinion; and

   (3) That an immediate appeal would materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b) (West Supp.1987).

█ The bankruptcy court, on remand, found that the settlement agreement was ambiguous on its face, and that the parties could not agree as to its scope and meaning. *In re Neshaminy Office Building Associates,* 75 B.R. at 942–43 (Bankr.E. D.Pa. July 21, 1987). In interpreting the ambiguous agreement, the bankruptcy court observed that the parties to the agreement could not agree on its scope. The court determined that there was no "meeting of the minds" on the scope of the agreement and refused to approve the proposed settlement. At 942.

█ Such a determination by the bankruptcy court is necessarily a question of fact and not a question of law. The interpretation of an ambiguous agreement or contract is an issue of fact. *Brokers Title Co., Inc. v. St. Paul Fire & Marine Ins. Co.,* 610 F.2d 1174, 1178 (3d Cir.1979). The subsequent determination that there was no "meeting of the minds" was also a question of fact derived from the available evidence. The requirements of § 1292(b) provide that such factual determinations of the bankruptcy court are not reviewable in an interlocutory appeal. See *Clark Dietz & Associates Engineers v. Basic Const.,* 702 F.2d 67, 69 (5th Cir.1983); *Link v. Mercedes Benz of North America, Inc.,* 550 F.2d 860, 863 (3d Cir.) *cert denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977).

### III. *Conclusion*

The requirements of § 1292(b) cannot be satisfied because there is no question of law involved in the interlocutory order of the bankruptcy court. This court will not hear the interlocutory appeal of the denial of the settlement agreement by the bankruptcy court. The motion for leave to appeal is thus denied.

An appropriate order follows.