In re **EDP MEDICAL COMPUTER SYSTEMS, INC.**, Debtor.

**EDP MEDICAL COMPUTER SYSTEMS, INC.**, Plaintiff,

v.

**UNITED STATES of AMERICA**, Defendant.

Bankruptcy No. 5–92–002230.
Adv. No. 5–94–00109A.
No. 4:CV–94–1804.

United States District Court, M.D. Pennsylvania.

Feb. 23, 1995.

Ronald P. Langella, Bradford, PA, for EDP Medical Computer Systems, Inc.

John A. Morano, Asst. U.S. Atty., Scranton, PA, for U.S.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND:

This case arises from a bankruptcy proceeding initiated by plaintiff EDP Medical Computer Systems, Inc., when it filed a petition in bankruptcy under Chapter 11 of the Bankruptcy Code. An adversary proceeding was initiated by EDP when it filed a complaint seeking to enjoin permanently the United States from pursuing a civil action in the United States District Court for the Eastern District of New York. The United States filed a motion for change of venue, which the bankruptcy court denied. By Order of Court dated February 10, 1995, this court granted the United States' motion for an interlocutory appeal of the bankruptcy court's order.

The issue before the court is whether the bankruptcy court erred as a matter of law when it held that venue lies in this district.

### DISCUSSION:

### I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The following are the facts as recited in the motion for leave to appeal, the briefs of the parties, and the supporting documentation.

EDP Medical Computer Systems, Inc., is a New York corporation with its principal offices in Jamaica, New York. Its president is Bernard Gelb, a resident of Rego Park, New York. Gelb was convicted of criminal viola-

tions and sentenced to a period of incarceration, as well as fines and restitution in excess of $5 million.

In 1990, the United States initiated a civil action against Gelb and EDP, alleging that Gelb had made fraudulent conveyances to EDP and others in order to avoid the fines and restitution. The civil case is *United States v. Gelb, et al.,* No. CV–90–1543 (E.D.N.Y.).

In 1992, Gelb filed a petition for bankruptcy in the Western District of Pennsylvania, the district in which he then was incarcerated. *In re: Gelb,* 92–00321E (Bankr. W.D.Pa.). The Bankruptcy Court for the Western District of Pennsylvania held that venue was improper, since incarceration in the Western District did not establish residence or domicile there. The case was transferred to the Eastern District of New York for consolidation with the civil action initiated by the United States. *In re: Gelb,* No. 92–00321E (Bankr.W.D.Pa. filed November 3, 1992). The Bankruptcy Court was affirmed by the District Court. *In re: Gelb,* Civil Action No. 93–44 (W.D.Pa. filed May 5, 1993). An appeal to the Third Circuit was dismissed. *Gelb v. United States,* No. 93–3285 (3d Cir. issued August 30, 1993).

On December 2, 1992, EDP filed its petition under Chapter 11 of the Bankruptcy Code. *In re: EDP Medical Computer Systems, Inc.,* Bankr.No. 5–92–002230 (Bankr. M.D.Pa.). Venue in the Middle District of Pennsylvania was asserted based on Gelb's incarceration at the Federal Correctional Institution at Allenwood, White Deer, Union County, Pennsylvania. On June 6, 1994, EDP commenced an adversary action seeking to enjoin the United States from pursuing its civil action in the Eastern District of New York. *In re: EDP Medical Computer Systems, Inc.,* Adv. No. 5–94–00109A (Bankr. M.D.Pa.).

As reasons for finding that venue is improper in the Middle District of Pennsylvania, and proper in the Eastern District of New York, the United States adds the following facts:

(1) EDP is a New York Corporation with its principal offices in New York.

(2) EDP did business solely within the Eastern District of New York.

(3) EDP has no place of business within the Middle District of Pennsylvania.

(4) None of EDP's assets is located within the Middle District of Pennsylvania.

(5) EDP's schedule of liabilities, filed as part of the bankruptcy action in the Middle District of Pennsylvania, indicates that all of EDP's creditors are located in the Eastern District of New York.

(6) EDP owns no realty, and all of its personalty, which consists of office equipment, is located in the Eastern District of New York.

(7) Gelb resided in the Eastern District of New York before and after his incarceration.

In response, EDP asserts the following:

(1) Gelb is the only person familiar with the financial affairs of EDP.

(2) Gelb has historically made all of the financial decisions for EDP, and continues to make such decisions.

(3) During the period of Gelb's incarceration at FCI–Allenwood, the financial decisions were made there.

(4) Gelb stated in an affidavit in 1992 that he considered the Middle District of Pennsylvania to be his home, and planned to remain there following his release from incarceration.

### II. INTERLOCUTORY APPEAL

In the Order of Court dated February 10, 1995, due to the pendency of proceedings in the Bankruptcy Court, the court was necessarily concise in explaining the decision to allow an interlocutory appeal by the United States. We explained:

A district court has jurisdiction over interlocutory appeals taken from orders of a bankruptcy court. 28 U.S.C. § 158(a). Generally, leave to take an interlocutory appeal is granted for the same reasons that an interlocutory appeal to the court of appeals may be taken from an order of a district court. *See, e.g. In re Neshaminy Office Building Associates,* 81 B.R. 301, 302–03 (Bankr.E.D.Pa.1987) (citations omitted). However, no certification by the

bankruptcy court is necessary. *In re Bertoli*, 812 F.2d 136, 139 (3d Cir.1987).

Interlocutory appeals from a district court to the court of appeals are governed by 28 U.S.C. § 1292(b), and are allowed only when: (1) a controlling question of law is involved; (2) the question is one where there is a substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. *In re Neshaminy Office Building Associates*, 81 B.R. at 303 (citing § 1292(b)).

In this case, there is a controlling question of law. The question before the court is whether venue properly lies with a court in this district. Of course, certain sub-issues are involved, but each is a legal question. EDP argues that venue is a factual question. The simple answer to that argument is that venue is established by proving certain facts; the issue of whether established facts support venue is a legal question.

There also is a substantial ground for difference of opinion. The United States points to precedent established by the Third Circuit to support its arguments. Moreover, the United States District Court for the Western District of Pennsylvania and the Bankruptcy Court in the Western District held that venue in a related case lay in the Eastern District of New York.

Finally, an immediate appeal would materially advance the ultimate termination of the litigation. Consolidating the proceedings in one court would facilitate matters considerably, should the United States prevail. Should EDP prevail in this litigation, the proceedings both here and in the Eastern District of New York would be resolved.

The court in *In re Delaware and Hudson Railway Co.*, 96 B.R. 469 (D.Del.1989), applied the same standard. It added the necessity of "exceptional circumstances" for allowing appeal of an order denying a motion for change of venue. That court first noted that there is no appeal as of right because a transfer of venue order is not a final order and because such an order does not fall within the "collateral order doctrine." 96

B.R. at 471–72. The court then applied the standard of § 1292(b) and found that review was inappropriate. 96 B.R. at 472–74.

There are two major differences between this case and *Delaware and Hudson* which make review appropriate in this case. First, the Bankruptcy Court's decision in *Delaware and Hudson* "was the result of the careful weighing of conflicting interests and equities based upon the particular circumstances of the case ..." 96 B.R. at 473. In other words, the decision of the Bankruptcy Court was discretionary, based upon the facts presented. In this case, the United States is not appealing an exercise of discretion by the Bankruptcy Court. It argues that venue does not lie *at all* in the Middle District of Pennsylvania. That is, it is not a matter of weighing conflicting interests and equities; since no facts and circumstances support venue in the Middle District of Pennsylvania (according to the United States), there should be no "weighing," i.e. no exercise of discretion.

Second, unlike the situation in *Delaware and Hudson*, there are exceptional circumstances supporting review in this case. The Bankruptcy Court for the Western District of Pennsylvania already has transferred a related case to the Eastern District of New York, and was affirmed by the District Court for the Western District of Pennsylvania. The original criminal proceedings took place in the Eastern District of New York, and the civil proceedings are taking place there. The sole basis asserted for venue is the incarceration of the chief decision-maker of the debtor in this district. The debtor, through its adversary action, seeks to enjoin civil proceedings in another district. All of these factors support a finding that exceptional circumstances exist, warranting review of the order denying the motion for a change of venue.

To all of this it should be added that this court is not making any factual determinations. The facts recited above are those presented by the parties, and mainly constitute facts reflected by the dockets of the various actions, as well as basic facts concerning the debtor. Simply stated, the facts are not in dispute; it is the legal significance of the facts which is before the court.

### III. VENUE GENERALLY

Venue for cases under the Bankruptcy Code is governed by 28 U.S.C. § 1408, which states:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, *of the person or entity that is the subject of such case* have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408 (28 U.S.C. § 1410, which relates to cases ancillary to foreign proceedings, is inapplicable).

With regard to proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code, the applicable statute provides:

> (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

> (b) Except as provided in subsection (d) *of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the district court for* the district in which the defendant resides.

> (c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

> (d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought....

28 U.S.C. § 1409.

The general venue statute states in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Finally, the Bankruptcy Rule governing transfer for venue reasons states in part:

> If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Bankr.R. 1014(a)(2).

### IV. DOMICILE OR RESIDENCE

Having reviewed the various statutes, etc., set forth above, it appears that the first step

in determining whether venue lies in the Middle District of Pennsylvania is to determine the domicile or residence of EDP. Both parties base their arguments as to the domicile or residence of EDP upon the supposition that a corporation is domiciled or has its residence in the state in which it has its principal place of business, although there may be some question about this rule. *Compare McMahan & Co. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 727 F.Supp. 833, 834 (S.D.N.Y.1989) ("A corporation's principal place of business, rather than its state of incorporation, determines its residence."; citation omitted), *with Pennsylvania Insurance Guaranty Ass'n v. Charter Abstract Corp.*, 790 F.Supp. 82, 85 (E.D.Pa.1992) ("It is the settled rule that, insofar as a corporation can be considered a resident of a state, it is a resident of the state in which it is incorporated, and no other."; citations omitted). In either instance, EDP is not and never has been a resident of Pennsylvania.

As noted, EDP is a New York corporation. If the rule is that the state of incorporation is the state of domicile or residence, EDP is a resident of New York.

If the rule is that the principal place of business is the state of domicile or residence, EDP is a resident of New York.

With regard to the latter question, EDP places great emphasis on the fact that corporate decisions were made by Gelb during his incarceration in FCI–Allenwood. The Third Circuit long ago rejected the "nerve center" test for the principal place of business of a corporation. *Kelly v. United States Steel Corp.*, 284 F.2d 850 (3d Cir.1960). To determine the principal place of business, courts of this circuit apply the "operational test," which looks "to the state where the corporation has its headquarters of 'day-to-day corporate activity and management.'" *Crum v. Veterans of Foreign Wars*, 502 F.Supp. 1377 (D.Del.1980) (quoting *Kelly*, 284 F.2d at 854). In undertaking this analysis, a court considers factors such as the location of personnel, equipment and real estate of the corporation, and the location of executive and high-level management's daily decisions. *Id.* (citations omitted).

Normally, the place where high-level decisions are made certainly would be an important factor. *See, e.g., Wheelabrator Frackville Energy Co., Inc. v. Morea Culm Services, Inc.*, 741 F.Supp. 536, 539–40 (E.D.Pa.1990) (for purposes of diversity jurisdiction, New Hampshire was principal place of business of corporation because nearly all high-level management decisions made there). However, it also has long been the law of this circuit that the place of incarceration of an individual is not that person's domicile or residence. *United States v. Stabler*, 169 F.2d 995, 998 (3d Cir.1948). In so ruling, the Third Circuit reasoned that "some picking out of a place to live in by the individual concerned is involved." *Id.*

We think that the same reasoning applies when the question is the residency of a corporation. Gelb may have been living in FCI–Allenwood in 1992, but he had not chosen to live there. The fact that he made decisions for EDP at that time, then, is of no more consequence in determining EDP's domicile or residence than it was in determining Gelb's own domicile or residence. Gelb's residence and domicile at the time his period of incarceration began was the Eastern District of New York, and it remained so throughout the period of his incarceration.

EDP cites a "modern trend" of cases holding that the place of incarceration is the place of residence. The modern trend recited does not include a case overruling *Stabler*.

EDP also cites a line of cases allowing an inmate to establish domicile or residence in the place of incarceration by rebutting a presumption that the inmate will return to his or her former residence upon release. In support, EDP points to an affidavit of Gelb signed in 1992 indicating that he considered Pennsylvania to be his home. Actually, the affidavit refers to the period of Gelb's incarceration in the Western District of Pennsylvania. Moreover, the copy provided is unsigned and unverified.

More importantly, there is no support for Gelb's affidavit. The affidavit does not say that Gelb has arranged to purchase or rent a home in Pennsylvania, that he has made permanent social contacts beyond the

confines of the prison, or that he has arranged for employment or business upon release. In short, he did none of the things that a person who plans to reside in a particular place would do. A bald allegation that an inmate considers his place of incarceration to be his home is of little practical value, and we reject it as evidence that he intended to live in Pennsylvania after his period of incarceration, even assuming that proving residence in this manner is proper. The fact that Gelb returned to New York immediately upon release is an example of the value of such an affidavit.

In short, EDP is not and never has been a resident of Pennsylvania.

### V. VENUE STATUTES

■ Having made the latter determination, the next question becomes whether venue properly lies in the Middle District of Pennsylvania under any of the statutes quoted above.

Venue does not lie under § 1408, since EDP is not a resident nor is its principal place of business located in Pennsylvania, and all of its assets are located in New York. Since venue was not otherwise proper, venue is improper under § 1409.

Venue is improper under § 1391(a), since jurisdiction is based upon the relation of this case to the bankruptcy proceedings, not diversity of citizenship. The United States does not "reside" in any one district, so that § 1391(b)(1) does not apply. The property at issue is located in the Eastern District of New York, and the events giving rise to the claim took place in the Eastern District of New York, so that § 1391(b)(2) dos not apply. Since the action could have been brought in the Eastern District of New York, § 1391(b)(3) does not apply. Further, § 1391(e) applies to suits against officers and employees of the United States, not the United States itself. Venue in the Middle District of Pennsylvania was and is improper.

### VI. TRANSFER

Having determined that venue in this district is improper, the next question to be resolved is the appropriate action to be taken. The language of Bankruptcy Rule 1014(a)(2), quoted above, gives the court discretion either to dismiss the case or to transfer the action to a proper district, on timely motion by a party in interest, if the court finds that transfer would be in the interest of justice or for the convenience of the parties. Some courts have held that Rule 1014(a)(2) conflicts with 28 U.S.C. § 1412, which gives a court discretion to transfer a case under the Bankruptcy Code "in the interest of justice or for the convenience of the parties." Sec. 1412.

The court in *In re Washington, Perito & Dubuc,* 154 B.R. 853 (Bankr.S.D.N.Y.1993), discussed this issue at some length. It determined that Congress intended Rule 1014(a)(2) to read as it does when it allowed the Rule to become law. Moreover, the Advisory Committee, in its comments to the 1987 amendments to Rule 1014(a)(2) indicated that § 1412 applies when the action is properly venued, but that 28 U.S.C. § 1406(a) governs an improperly venued action. The latter section is consistent with Rule 1014(a)(2) in requiring that the court dismiss the action or, if it is in the interest of justice, transfer the action to the district in which it should have been brought. *In re Washington, Perito & Dubuc,* 154 B.R. at 857–58.

■ We agree with the reasoning of the *Washington* court, and also hold that a bankruptcy court faced with an improperly venued action must either dismiss the action or transfer it, if transfer is in the interest of justice or for the convenience of the parties, pursuant to Rule 1014(a)(2) and § 1406(a).

■ EDP contends that the motion by the United States is untimely. We disagree: The United States filed its motion on the date set for a response to the complaint. EDP also refers to the fact that the United States had received notice of the petition at an earlier time. However, the United States was not a "party in interest" until the complaint was filed. Moreover, the United States, through the NLRB, had earlier moved for a change of venue, which was denied. The United States moved for a

change of venue at the two most appropriate times.

■ The question, then, is whether the bankruptcy court abused its discretion in refusing to transfer the case "in the interest of justice or for the convenience of the parties." The bankruptcy judge held:

> I'm gonna deny your motion without prejudice to raise it again before—in a—in a timely fashion before we actually go to trial. That point will determine what the status of his New York cases are. And at this juncture—I believe, the interest of this estate can best be served by the United States filing a response within 20 days.

Notes of Testimony of Hearing on Motion for Change of Venue, dated October 13, 1994, at 23 lines 6–11 (Exhibit 1 to EDP's Brief in Opposition to Motion for Leave to Appeal).

As noted, the bankruptcy court's discretion was limited to transfer of the case or dismissal. The retention of an improperly venued action was error, and the order of the bankruptcy court will be reversed.

## VII.  CONCLUSION

The record does not support a determination that venue properly lies in the Middle District of Pennsylvania. An improperly venued action must be dismissed or transferred. Since neither party seeks dismissal for the lack of venue in this district, the case will be transferred to the Eastern District of New York.

An order reversing the decision of the bankruptcy court and remanding for further proceedings shall issue.