In re Joel M. HANDEL, Debtor.

HSBC Bank USA, f/k/a Marine Midland Bank, Appellant,

v.

Joel M. Handel, Appellee.

BAP No. MW 99–068.
Bankruptcy No. 99–42125–HJB.

United States Bankruptcy Appellate Panel of the First Circuit.

Oct. 7, 1999.

David J. McNamara, William M. Rossi–Hawkins, Michael J. DiLeo, Phillips, Lytle, Hitchcock, Blaine & Huber LLP, New York City, Sabin Willett, Mary DeNevi, Bingham Dana LLP, Boston, MA, for HSBC Bank.

Robert Adler, Kevin McGee, Seder & Chandler, Worcester, Massachusetts, for Joel Handel.

GOODMAN, LAMOUTTE and HAINES, Bankruptcy Judges.

## ORDER GRANTING MOTION FOR LEAVE TO APPEAL

PER CURIAM.

Before the Bankruptcy Appellate Panel are the "Motion of HSBC Bank USA for an Order Authorizing Immediate Appeal of the July 27, 1999 Bankruptcy Court Order Denying Motion to Dismiss or Transfer" (Motion) and "HSBC Bank USA's Memorandum of Law in Support of its Motion..." (Memorandum) seeking leave to appeal an interlocutory order issued by the United States Bankruptcy Court for the

District of Massachusetts, Western Division. The Debtor, Joel M. Handel, filed an opposition and memorandum of law.[1]

## BACKGROUND

This appeal arises from the bankruptcy court's denial of HSBC Bank USA's (HSBC) motion to dismiss or transfer the Debtor's bankruptcy case to the United States Bankruptcy Court for the District of New York for improper venue. In its motion, HSBC had asserted that the Debtor failed to satisfy any one of the several factors listed in 28 U.S.C. § 1408 to support a finding that venue exists for filing a bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts, Western Division.[2]

The facts are undisputed and indicate that Debtor's sole connection to this District is a home in Otis, Massachusetts, purchased in 1983 by Debtor and his spouse. They frequent the Otis home several weekends a month and, from time to time, on holidays and during vacations.

They intend to live there when retired. It is also undisputed that the Debtor has practiced law in New York City upwards of 20 years and continues to do so on a full-time basis as a managing partner in a law firm located there, is registered to vote in New York, files New York State tax returns, holds a New York State driver's license and registers his car in New York, owns a condominium, with his spouse, in New York City which far exceeds the value of the Massachusetts property, and during the six-month period prior to filing, spent approximately 30–35% of his time in Massachusetts with the remainder spent in New York.

The bankruptcy court held a hearing on July 27, 1999, and found that Massachusetts was the proper venue for filing the bankruptcy petition because the Debtor had a "residence" in the District.[3]

## DISCUSSION

In this appeal, at issue is the bankruptcy court's legal determination

---

1. Also filed were "Motion of HSBC Bank USA for Leave to File a Reply Memorandum of Law in Further Support of its Motion for an Order Granting an Immediate Appeal", "HSBC Bank USA's Reply Memorandum of Law in Further Support of its Motion for an Order Authorizing Immediate Appeal of the Bankruptcy Court Order Denying Motion to Dismiss or Transfer" and "Debtor's Opposition to HSBC Bank's Motion for Leave to File a Reply Memorandum." HSBC's request to file a reply is GRANTED. Handel's request that he be given an additional 14 days to file a reply is DENIED in order to prevent further delay.

2. Although not raised as an issue in this appeal, HSBC had requested, alternatively, that the case be transferred to the District of New York for the convenience of the parties pursuant to 28 U.S.C. § 1412.

3. The bankruptcy court issued its ruling in open court, however, although the transcript had been ordered, it was not available at the time the Motion was made to this Court. As a result, HSBC's counsel filed an affidavit summarizing the bankruptcy court's findings and its basis for denial of the motion to dismiss or transfer for lack of venue as follows:

> The court denied the Dismissal Motion, and found that venue is proper in the District of Massachusetts concluding that Mr. Handel

has satisfied the residency requirement of 28 U.S.C. § 1408.

In essence, the court stated that despite Mr. Handel's testimony that he only spent approximately 30 to 35% of the 180 days preceding the filing of his Chapter 7 bankruptcy petition in Massachusetts and spent the remainder of his time in New York, venue was proper under 28 U.S.C. § 1408 because Mr. Handel had established *a* residence (though not his principal residence) in Massachusetts prior to commencement of the statutory 180 day period set forth in 28 U.S.C. § 1408.

The court further stated that with respect to residence, 28 U.S.C. § 1408 does not limit venue to the district in which debtor has his principal residence, but multiple residences may satisfy the residency requirement of 28 U.S.C. § 1408.

*See* Motion, Exhibit J at 2–3. Although HSBC does not indicate that the court considered and ruled on the alternative grounds, that is, relief pursuant to 28 U.S.C. § 1412, Handel states that the court denied relief on this alternative theory finding that HSBC failed to carry its burden demonstrating that the convenience of the parties or the interests of justice warranted transfer of the case. *See* "Debtor's Memorandum of Law . . ." at 1.

that the undisputed facts satisfy the residency requirement to allow Handel's bankruptcy petition to be filed in the District of Massachusetts. Venue for bankruptcy cases may be established in one of several ways as delineated by 28 U.S.C. § 1408 which provides:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district-
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other place; ...

Where a bankruptcy petition is filed in an improper venue, the court may not allow the action to proceed in that district pursuant to Rule 1014(a)(2) which provides:

> Cases filed in Improper District. If a petition is filed in an improper district, on a timely motion of a party in interest and after hearing on notice to the petitioners, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

FED.R.BANKR.P. 1014(a)(2).[4] *See Bryan v. Land (In re Land)*, 215 B.R. 398, 403 (8th Cir. BAP 1997)("If venue is not proper in district, upon the filing of a timely motion to change venue[,] a bankruptcy court is without authority to retain the bankruptcy case."); *Peachtree Lane Assoc. Ltd. v. Granader (In re Peachtree Lane Assoc., Ltd.)*, 188 B.R. 815, 831–32 (D.Ill.1995)

(bankruptcy court has no discretion to retain improperly venued case); *EDP Med. Computer Sys., Inc. v. United States (In re EDP Med. Computer Sys., Inc.)*, 178 B.R. 57, 63–64 (D.Pa.1995)(when it is determined that the bankruptcy case has been filed in an improper venue, the court's discretion is limited to transfer or dismissal); *In re Columbia Western, Inc.*, 183 B.R. 660, 665 (Bankr.D.Mass. 1995)(same); *In re Frame*, 120 B.R. 718, 722 (Bankr.S.D.N.Y.1990)(same).

Appellate jurisdiction is conferred pursuant to 28 U.S.C. § 158(a) which allows appeals "(1) from final judgments, orders and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees ..." issued by the bankruptcy court. When appeal is sought from an interlocutory order, a motion for leave to appeal shall be filed simultaneously with the notice of appeal, FED.R.BANKR.P. 8001(b), and contain a statement of facts, the relief sought, and reasons why appeal should be granted. FED.R.BANKR.P. 8003(a).

HSBC asserts two bases for immediate appeal of the bankruptcy court's order: 1) the order satisfies an exception to the finality rule as a collateral order; and 2) the order is appealable under the Court's discretion as it "involves a controlling question of law over which there is a substantial ground for difference of opinion and [whether] (sic) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b)." Memorandum, at 8.

HSBC's assertion that a denial of a motion for transfer is appealable under the collateral order exception to the finality rule is dubious. Most courts that have

---

4. See also 28 U.S.C. § 1406(a) and discussion in *In re Pick*, 95 B.R. 712, 714–15 (Bankr. D.S.D.1989).

considered the matter have rejected this argument. *See, e.g., F.D.I.C. v. McGlamery,* 74 F.3d 218, 221 (10th Cir.1996); *Dalton v. United States (In re Dalton),* 733 F.2d 710, 715 (10th Cir.1984), *cert. dismissed,* 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985); *In re Delaware and Hudson Ry. Co.,* 96 B.R. 469, 472 (D.Del.), *aff'd,* 884 F.2d 1383 (3rd Cir.1989) 884 F.2d 1384 (3rd Cir.1989).

However, HSBC's second basis for immediate appeal has merit. While guidance for the determination of which interlocutory orders warrant discretionary review is not provided by § 158(a)(3), jurisdictional provisions applicable to the certification of district courts' orders for review by the Courts of Appeals have been used to govern our discretion. *See, e.g., Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 652 (1st Cir. BAP 1998)(appellate review available for interlocutory orders which satisfy 28 U.S.C. § 1292(b)).

■ Several courts have applied § 1292(b) standards to determine jurisdiction for review of transfer orders. Where a venue determination is based on an exercise of the court's discretion, interlocutory review is routinely rejected for lack of a controlling question of law as to which there is a substantial difference of opinion. *In re Manville Forest Products Corp.,* 47 B.R. 955, 957 (S.D.N.Y.1985); *K–Mart Corp. v. Swann Ltd. Partnership (In re Swann Ltd. Partnership),* 128 B.R. 138, 141 (D.Md.1991); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3855 (2nd ed.1986 and Supp.1999). *See also In re Delaware and Hudson Ry. Co.,* 96 B.R. at 473 (exceptional circumstances to depart from general rule that only final orders are appealable not found where the court

based its denial to transfer case on careful balancing of equities and weighing of conflicting interests).

■ However, where the appeal of a transfer order questions whether the court had the authority to act as it did, *United States Trustee v. Sorrells (In re Sorrells),* 218 B.R. 580, 584 (10th Cir. BAP 1998)(where the issue on appeal is whether the bankruptcy court had the power to retain the case when the debtor's case was improperly venued, interlocutory review is appropriate), or involves a question of law, *In re EDP Medical Computer Systems, Inc.,* 178 B.R. at 59–60 ("exceptional circumstances" exist to allow interlocutory appeal of a venue order where the determination did not involve the court's exercise of discretion and issue on appeal is a matter of law), review is available. *See generally* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3855 (2nd ed.1986 and Supp.1999). In this appeal, HSBC's challenge to the bankruptcy court's order involves a question of law: Did the court err when applying the undisputed facts to the law when it found that the residency requirement under 28 U.S.C. § 1408(1) was satisfied?

We conclude that the bankruptcy court's order is appealable pursuant to § 158(a)(3) because it meets the factors set forth in § 1292(b). The order involves a controlling question of law insofar that a judgment in HSBC's favor would result in either dismissal or transfer of the case. As previously discussed, retention of the case by the District of Massachusetts would be prohibited where venue is found to be improper.[5]

Also, there are substantial grounds for a difference of opinion. A reading of the

---

**5.** Handel argues that this element can not be met in this instance because, should HSBC prevail on appeal, the bankruptcy court has the option to transfer as well as dismiss the action. We reject this argument. As we've stated earlier, this element is met when the issue on appeal effectively controls the outcome of the case. *In re Bank of New England Corp.,* 218 B.R. at 652–53. The fact that dismissal may occur, satisfies this element. In addition, as noted on p. 802, *infra,* transfer results in application of state law provisions which has the potential of affecting the entire proceedings.

statute may lead to the conclusion that a debtor may not have more than a single residence for venue purposes in bankruptcy cases. When a debtor has established several residences, the proper district to file a bankruptcy petition is where debtor's residence is located "for a longer portion of such one-hundred-eighty-day period than the ... residence ... of such person located in any other district; ..." 28 U.S.C. § 1408(1); *see In re Frame,* 120 B.R. at 724 ("Although a person may have multiple residences simultaneously, only one of those residences can qualify for the purpose of establishing venue under 28 U.S.C. § 1408(1) because of the "longer than" requirement."); *In re Pettit,* 183 B.R. 6, 8 (Bankr.D.Mass.1995)(residence as used in bankruptcy venue statute provides that case may be commenced in the district where debtor resides for greater portion of 180-day period prior filing); *see also In re Gurley,* 215 B.R. 703, 708 (Bankr.W.D.Tenn.1997)(filing of bankruptcy petition in the district where debtor resided for the greater part of the 180-day period is sufficient to meet the venue requirements); *Micci v. Bank of New Haven (In re Micci),* 188 B.R. 697, 699 (D.Fla.1995)(although Debtor owned a condominium in Florida, venue was improper finding that Debtor's primary residence was located in Connecticut taking into account facts existing 180 days prior to commencement of bankruptcy case).

Finally, immediate review would materially advance the litigation. Should HSBC be required to wait until completion of the Debtor's bankruptcy and then prevail on appeal, all actions taken in the bankruptcy case in the District of Massachusetts would be rendered ineffectual. At minimum, substantial delay would ensue, and substantial expense would result, if and when the bankruptcy case came "undone."

Moreover, contrary to Handel's assertion that it would not matter where the case is administered, allowing an improperly venued case to be fully administered could have serious ramifications affecting the entire process, particularly where state law defines debtor's/creditor's rights and entitlements, as with exemptions.[6]

Taking into account these factors, we conclude that granting review at this time would likely "advance the resolution of the underlying action." *In re Bank of New England Corp.,* 218 B.R. at 654 n. 21.

### CONCLUSION

Based on the foregoing, we find that this Court has jurisdiction to review the bankruptcy court's order denying dismissal or transfer of Joel Handel's bankruptcy case to the District of New York for a lack of venue. Accordingly, HSBC's Motion for Leave to Appeal is GRANTED.

**SO ORDERED.**

---

**6.** The single determination of allowable exemptions creates a rippling effect vis-a-vis other aspects of the bankruptcy case. In the least, non-exempt assets would have to be redefined, thereby, requiring additional adjustments for distribution to creditors.